HOLLSTEIN KEATING CATTELL JOHNSON & GOLDSTEIN P.C.
BY: E. Michael Keating, III, (EK0572
mkeating@hollsteinkeating.com)
Willow Ridge Executive Office Park
750 Route 73 South – Suite 202B
Marlton, NJ 08053
(856) 810-8860
ATTORNEY FOR Plaintiff,

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK INC. 65 Broadway New York, NY  10006  Plaintiff  v.  M/V "DITLEV REEFER" her engines, tackle, boilers, appurtenances, etc., *in rem,* and SWORDFISH SHIPPING, INC. San Antonio, (CLSAI), Chile, (CL) 6th Floor, Comosa Bldg. 0816-011 82 and NYKCOOL AB, Katarinavagen 17 116 45 Stockholm and CHARTWORLD SHIPPING CORP. 2, Zisimopoulou Street & Poseidonos Ave. Glyfada, 166 74 Athens, Greece and DENEBOLA SHIPPING CORP. c/o Chartworld Shipping Corp. 2, Zisimopoulou Street & Poseidonos Ave. Glyfada, 166 74 Athens, Greece  Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action  COMPLAINT |

{1602.00001:00085974 }

## COMPLAINT

### A. Jurisdiction and Venue

1. Plaintiff brings this suit against the defendants under provisions of 28 U.S.C. §1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In addition, jurisdiction is asserted upon 28 U.S.C. §1337 as this is an action arising under an act of Congress regulating commerce, specifically the Carriage of Goods by Sea Act (COGSA), 46 U.S.C. §1300 *et, seq.* and the Harter Act of 1893, 46 U.S.C. §§190-196.

2. Venue lines with the District of New Jersey under the provisions of 28 U.S.C. §1391.

### B. Parties

3. The plaintiff Great American Insurance Company of New York Inc. is a corporation with an office and principal place of business at 65 Broadway, New York, NY 10006.

4. Defendant Swordfish Shipping Inc. is a foreign corporation with an office and place of business at San Antonio, (CLSAI), Chile, (CL), 6th Floor, Comosa Bldg. 0816-011 82, doing business within the State of New Jersey. At all times material hereto, defendant was an operator and/or charterer of the vessel M//V DITLEV REEFER.

5. Defendant NYKCOOL AB is a foreign corporation with an office and place of business at Katarinavagen 17, 116 45 Stockholm, doing business with the State of New Jersey. At all times material hereto, defendant was an operator and/or charterer of the vessel M//V DITLEV REEFER.

6. Defendant Chartworld Shipping Corp. is a foreign corporation with an office and place of business at 2, Zismopoulou Street & Poseidonos Avenue, Glyfada, 16674 Athens, Greece, doing business with the State of New Jersey. At all times material hereto, defendant was a manager of the vessel M//V DITLEV REEFER.

7. Defendant Denebola Shipping Corp. is a foreign corporation with an office and principal place of business at c/o Chartworld Shipping Corp., 2, Zismopoulou Street & Poseidonos Avenue, Glyfada, 16674 Athens, Greece, doing business with the State of New Jersey. At all times material hereto, defendant was the owner of the vessel M//V DITLEV REEFER.

8. At all times hereinafter mentioned, the vessel M/V DITLEV REEFER is now or will be during the pendency of this action within this District and within the jurisdiction of this Honorable Court.

9. Plaintiff brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

10. At all times hereinafter mentioned, defendants M/V DITLEV REEFER, Swordfish Shipping, Inc., NYKCOOL AB, Chartworld Shipping Corp. and Denebola Shipping Corp., were and are now engaged in the business of common carriage of merchandise by water for hire and owned, operated, managed, chartered, possessed and/or controlled the vessel M/V DITLEV REEFER as common carriers of merchandise by water for hire.

## COUNT I

## GREAT AMERICAN INSURANCE COMPANY OF NEW YORK INC. V. M/V DITLEV REEFER, SWORDFISH SHIIPPING, INC., CHARTWORLD SHIPPING CORP. AND DENEBOLA SHIPPING CORP.

11. The allegations of paragraph 1 through 10 are incorporated by referenced as if set forth herein.

12. On or about February 13, 2013 in Valparaiso, Chile, as evidenced by *inter alia* Bills of Lading SWUS1309LAVP003 and SWUS1309LAVP040 (copies of which attached hereto as Exhibits A and B) there was shipped by the shipper and delivered to the defendants and the said vessel, as common carriers, a cargo consisting of cases of fresh grapes, then being in good order and condition, and defendants and the said vessel then there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed upon freight charges, executed and delivered bills of lading to the shipper and agreed to transport and carry the said shipment to the port of destination stated in said bills of lading and there delivered the same in like good order and condition as when shipped, delivered to and received by them, to the consignees stated in the bills of lading or their order.

13. Thereafter, the defendants loaded the said merchandise on the vessel, which having on board said merchandise, sailed from Valparaiso, Chile and subsequently arrived in Los Angeles, California on or about February 26, 2013 where the vessel discharged said merchandise, but not in good order and condition as when delivered to the said vessel, but seriously impaired in value by reason of shortage and/or damage, all in violation of said vessel's and defendants' duties and obligations as common carriers by water for hire and in breach of the aforesaid contracts of carriage.

14. Plaintiff and all other parties in interest have duly performed all valid conditions precedent to the contract of carriage on their part to be performed.

15. By reason of the negligence of the defendants, the unseaworthiness of the vessel and defendants' breach of contract, plaintiff has sustained damages no part of which has been paid despite demand.

## COUNT II

### GREAT AMERICAN INSURANCE COMPANY OF NEW YORK INC. V. M/V DITLEV REEFER, NYKCOOL AB, CHARTWORLD SHIPPING CORP. AND DENEBOLA SHIPPING CORP..

16. The allegations of paragraph 1 through 15 are incorporated by referenced as if set forth herein.

17. On or about February 13, 2013 in Valparaiso, Chile, as evidenced by *inter alia* Bills of Lading NKLCVL1757306122, NKLCVL1757306093, NKLCVL1757306073, NKLCVL1757306074, NKLCVL1757306075, and NKLCVL1757306084, (copies of which attached hereto as Exhibits C through H) there was shipped by the shipper and delivered to the defendants and the said vessel, as common carriers, a cargo consisting of cases of fresh grapes, then being in good order and condition, and defendants and the said vessel then there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed upon freight charges, executed and delivered bills of lading to the shippers and agreed to transport and carry the said shipment to the port of destination stated in said bills of lading and there delivered the same in like good order and condition as when shipped, delivered to and received by them, to the consignees stated in the bills of lading or their order.

18. Thereafter, the defendants loaded the said merchandise on the vessel, which having on board said merchandise, sailed from Valparaiso, Chile and subsequently arrived in Los Angeles, California on or about February 26, 2013 where the vessel discharged said merchandise, but not in good order and condition as when delivered to the said vessel, but seriously impaired in value by reason of shortage and/or damage, all in violation of said vessel's and defendants' duties and obligations as common carriers by water for hire and in breach of the aforesaid contracts of carriage.

19. Plaintiff and all other parties in interest have duly performed all valid conditions precedent to the contract of carriage on their part to be performed.

20. By reason of the negligence of the defendants, the unseaworthiness of the vessel and defendants' breach of contract, plaintiff has sustained damages, no part of which has been paid despite demand.

WHEREFORE, plaintiff demands:

(1) judgment against the defendants, jointly or severally, in the amount of $279,019, together with interest and costs.

(2) that process in due form of law may issue against the defendants citing them to appear and answer all and singular the matter aforesaid;

(3) that if defendants cannot be found within this District, then all their property within this district, as described herein, be attached in the sum of $279,019, with interest thereon and costs and disbursements of this action;

(4) that process in due form of law according to the practice of this court in causes of admiralty and maritime claims may issue against said vessel, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under

oath, all or singular the matters aforesaid, and enter judgment in favor of plaintiff for its damages as aforesaid, with interest, costs and disbursements and that the said vessel be condemned and sold to pay the same; and

    (5)  that the Court grant such other and further relief to plaintiff as may be just and proper.

            Respectfully submitted,

            HOLLSTEIN KEATING CATTEL
            JOHNSON & GOLDSTEIN, P.C.

            By: _____
            E. Michael Keating, III, Attorney (EK0572)
              Willow Ridge Executive Office Park
              750 Route 73 South – Suite 202B
              Marlton, NJ 08043
              (215) 320-2085
              Attorney for Plaintiff
              mkeating@hollsteinkeating.com

## ATTORNEY'S VERIFICATION

STATE OF NEW JERSEY    )
                       )
COUNTY OF BURLINGTON   )

1. My name is E. Michael Keating, III.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Hollstein Keating Cattell Johnson & Goldstein, P.C., attorneys for Plaintiff.

4. I have read the foregoing Verified Complaint and knew the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by any of the Plaintiffs is that the Plaintiffs are a business organizations with no officers or directors now within the District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and their agents and/or representatives.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: February 21, 2014

_____
E. Michael Keating, III

## CERTIFICATE OF SERVICE

I hereby certify that on or about February 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

        HOLLSTEIN KEATING CATTELL
        JOHNSON & GOLDSTEIN, P.C.

By: _____
E. Michael Keating, III (EK0572)
Hollstein Keating Cattell
 Johnson & Goldstein P.C.
Willow Ridge Executive Office Park
750 Route 73 South - Suite 301
Marlton, NJ  08053
(856) 810-8860
FAX: (856) 810-9316
mkeating@hollsteinkeating.com

Attorneys for Plaintiff